IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOEL B. ATTIA | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil No. 1:21cv91-HSO-JCG |
| | § | |
| | § | |
| FORD MOTOR CO. and CEO FORD | § | DEFENDANTS |

**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE**

This matter is before the Court sua sponte to consider its subject-matter jurisdiction. For the reasons that follow, the Court finds that Plaintiff Joel B. Attia has not carried his burden of demonstrating that federal subject-matter jurisdiction exists over this dispute. This matter should be dismissed without prejudice for lack of subject-matter jurisdiction.

I. BACKGROUND

Plaintiff Joel B. Attia ("Plaintiff") filed a pro se Complaint [1] in this Court on March 26, 2021, naming as Defendants Ford Motor Co. ("Ford") and "CEO Ford." Compl. [1] at 1-2. On the Complaint form, Plaintiff checked the boxes indicating there was jurisdiction based upon both federal question and diversity of citizenship. *See id.* at 3. As grounds for federal question jurisdiction, Plaintiff stated "[p]roduct libility [sic] across state lines, negligence, no recall, only one time & did not try to reach out through social media." *Id.* For diversity jurisdiction, Plaintiff stated

that he was a citizen of the State of Alabama, while Ford was purportedly incorporated under the laws of Michigan. *Id.* at 3-4. The Complaint did not allege Ford's principal place of business, nor did it contain any information concerning the citizenship of Ford's CEO. *See id.* The Complaint requested an award of "20 trillion for my life." *Id.* at 5.

On April 29, 2021, the Magistrate Judge entered an Order [4] requiring Plaintiff to file an amended complaint demonstrating a basis for federal subject-matter jurisdiction. *See* Order [4] at 4. The Magistrate Judge observed that the Complaint revealed no discernable federal claim and that diversity was not apparent because Plaintiff had failed to provide Ford's principal place of business or the citizenship of Ford's CEO. *See id.* at 3-4. Plaintiff filed an Amended Complaint [5] complaining of injuries that he received due to an air bag not deploying in his Ford truck. *See* Am. Compl. [5] at 1. According to Plaintiff, "[t]he fact that Ford is in Michigan gives diversity of citizenship." *Id.*

On May 11, 2021, the Magistrate Judge entered an Order [8] to Show Cause why the case should not be dismissed. The Magistrate Judge noted that, although Plaintiff had clarified that he seeks to proceed on the basis of diversity jurisdiction under 28 U.S.C. § 1332, he had not provided sufficient information about the parties' citizenship for the Court to ascertain whether such jurisdiction exists. *See* Order [8] at 1. The Magistrate Judge directed Plaintiff to file a written response by May 18, 2021, providing Ford's principal place of business and Ford's CEO's citizenship. *See id.* at 3. Plaintiff has filed a Response [11] in which he reports

that "Jim Fairley [sic] is the CEO of Ford Motor Co.," and that Ford's "headquarters" is in Dearborn, Michigan. Resp. [11] at 1. According to Plaintiff, "[t]hey say giving the exact address of the CEO could cause problems for him." *Id.*

## II. DISCUSSION

"[F]ederal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746, *reh'g denied*, 140 S. Ct. 17 (2019) (quotation omitted). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The authority granted to federal district courts under Article III of the Constitution is limited to those subjects encompassed within a statutory grant of jurisdiction, such that a district court may not exercise subject-matter jurisdiction absent a statutory basis. *See Home Depot U.S.A., Inc.*, 139 S. Ct. at 1746. Under 28 U.S.C. § 1331, the Court may hear cases that arise under federal law, while under § 1332 it may hear cases in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. *See id.* (citing 28 U.S.C. §§ 1331, 1332).

In this case, Plaintiff has not raised a claim under federal law, and Plaintiff appears to have focused instead on diversity jurisdiction in his Amended Complaint [5] and Response [11]. With respect to diversity jurisdiction, on the present record the Court is unable to ascertain whether there is complete diversity of citizenship. Even assuming Plaintiff has sufficiently alleged Ford's citizenship, which the Court

doubts, there remains no information concerning the citizenship of Defendant "CEO Ford."

Plaintiff complains that he has been unable to discover the CEO's exact address, *see* Resp. [11] at 1, but this is not required for purposes of establishing diversity jurisdiction.  In order to invoke such jurisdiction, Plaintiff must allege "CEO Ford's" state of citizenship.  *See* 28 U.S.C. § 1332(a).  Plaintiff has alleged Ford's headquarters' address, but this is not sufficient to allege Ford's CEO's citizenship.  An individual's business address would not necessarily equate to that individual's domicile, just as an individual's residency does not necessarily equate to his or her citizenship for diversity purposes.  *See, e.g., MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (recognizing that an individual's citizenship means domicile, and that domicile and residency are not equivalent, such that an allegation of residency alone is insufficient to allege citizenship).

Despite the Magistrate Judge's instructions to provide information regarding the citizenship of both Ford and its CEO, Plaintiff has not done so.  Plaintiff has not carried his burden of demonstrating that the Court possesses federal subject-matter jurisdiction, and as such this case must be dismissed without prejudice.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.  A

separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 20th day of May, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE